## UNITED STATES FIRE INSURANCE CO.

### v.

### READING MUNICIPAL AIRPORT AUTHORITY, a municipal corporation of the Commonwealth of Pennsylvania, and Donald Freeman.

### Civ. A. No. 89–7481.

United States District Court,
E.D. Pennsylvania.

March 16, 1990.

James K. Brengle, Philadelphia, Pa., for plaintiff.

Laurence M. DelVecchio, Reading, Pa., for defendant Reading Mun. Airport Authority.

Robert F. Shapiro, Reading, Pa., for defendant Donald Freeman.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This matter was brought by United States Fire Insurance Company (hereinafter "U.S. Fire"), a New York corporation with a principal place of business in New Jersey against Reading Municipal Airport Authority (hereinafter "Airport Authority"), a Pennsylvania municipal corporation and Donald Freeman, a Pennsylvania resident. It was brought pursuant to the diversity jurisdiction of this court for a declaratory judgment to the effect that a certain contract of insurance (hereinafter "Insurance Contract") between U.S. Fire and Airport Authority, does not cover a claim for personal injuries and property damage made against Airport Authority by Donald Freeman.

Airport Authority brought a Third-party Complaint impleading Airport Authority's insurance agent, third-party defendant Mast & Moyer, Inc., (hereinafter "Mast & Moyer"), a corporation with its principal offices and place of business in Pennsylvania. The Third-party Complaint is on the grounds of negligence in procuring the Insurance Contract and breach of contract. Mast & Moyer has filed a Motion for Discontinuance pursuant to Fed.R.Civ.P. 12(b) on the ground of lack of subject matter

jurisdiction. For the reasons given in this Opinion, Mast & Moyer's Motion will be granted.

Two questions are presented, first, whether a claim of this nature can be brought under the provisions of Fed.R. Civ.P. 14(a), and second, whether this Court can assert ancillary party jurisdiction over Mast and Moyer.

■ With regard to the first issue, Fed. R.Civ.P. 14(a) which authorizes a defendant to add a third-party defendant reads as follows:

**(a) When defendant May Bring in Third Party**

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff ...

If U.S. Fire prevails in its declaratory judgment action, it will be entitled to a judgment that it is not obligated under the Insurance Contract with respect to defendant Donald Freeman's claim against defendant Airport Authority. That does not create a claim against defendant/third-party plaintiff Airport Authority for which third-party defendant Mast & Moyer could be liable in all or in part. Therefore the fundamental prerequisite of joinder under Fed.R.Civ.P. 14(a) is not met. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1442 p. 295, § 1446, pp. 355–365 and pp. 376–379.

■ With regard to the second issue, as Chief Justice Marshall wrote in 1807:

Courts which originate in the common law possess a jurisdiction which must be regulated by the common law, until some statute shall change their established principles; but courts which are created by written law, and whose jurisdiction is defined by written law, cannot transcend that jurisdiction. It is unnecessary to state the reasoning on which this opinion is founded, because it has been repeatedly given by this court; and with the

decisions heretofore rendered on this point, no member of the bench has, even for an instant, been dissatisfied.

*Ex Parte Bollman,* 4 Cranch 75, 93, 2 L.Ed. 554 (1807). It remains rudimentary law that

[a]s regards all courts of the United States inferior to [the Supreme Court], two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given the court the capacity to take it, and an act of Congress must have supplied it ... To the extent that such action is not taken, the power lies dormant.

*The Mayor v. Cooper,* 6 Wall. 247, 252 (1868), quoted in *Finley v. U.S.,* —— U.S. ——, 109 S.Ct. 2003, 2006, 104 L.Ed.2d 593 (1989).

Despite this principle, a doctrine of "pendent" claim jurisdiction has been developed, exemplified by *Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *Gibbs,* which has come to stand for the principle in question held that

[p]endant jurisdiction, in the sense of judicial *power* exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made under their authority ...,' U.S. Const., Art III § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'

383 U.S. at 725, 86 S.Ct. at 1138. In *Finley, supra,* —— U.S. at ——, 109 S.Ct. at 2006, the Court made a clear distinction between the pendant *claim* jurisdiction in *Gibbs* and the pendant *party* jurisdiction at issue in *Finley.* In discussing the distinction between pendant or ancillary claim jurisdiction on the one hand, and pendant or ancillary party jurisdiction on the other hand, the Court said:

While in a narrow class of cases a federal court may assert authority over such a claim "ancillary" to jurisdiction otherwise properly vested—for example, when an additional party has a claim upon contested assets within the court's jurisdic-

tion [citation omitted], or when necessary to give effect to the court's judgment [citations omitted]—we have never reached such a result solely on the basis that the *Gibbs* test has been met.

*Id.,* —— U.S. at ——, 109 S.Ct. at 2008.

There is, as indicated in the recitation of the parties, no diversity of citizenship between third-party plaintiff Airport Authority and third-party defendant Mast & Moyer, 28 U.S.C. § 1332(a)(1). Consequently the application of ancillary *party* jurisdiction would be necessary for this Court to assert jurisdiction over Mast & Moyer. The circumstances of the instant case do not meet the prerequisites for asserting ancillary party jurisdiction.

Since there is no basis for joinder pursuant to Fed.R.Civ.P. 14(a) and no basis for exercising ancillary jurisdiction over Third-party defendant Mast & Moyer, the Motion of Mast & Moyer will be granted and the Third-party Complaint will be dismissed, without prejudice to the right of third party plaintiff Airport Authority to bring it cause of action in the courts of the Commonwealth of Pennsylvania pursuant to 42 Pa. C.S.A. § 5103.