Ernest F. WALTERS, Montez Shortridge, and Christopher LeGear, Appellants,

v.

Walter KAUTZKY, Mark Smith, and Peter Hansen, Appellees.

No. 02–1177.

Supreme Court of Iowa.

April 7, 2004.

Rehearing Denied June 2, 2004.

Ernest F. Walters, Christopher LeGear, and Montez Shortridge, Fort Madison, pro se.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellees.

CARTER, Justice.

Ernest F. Walters, Christopher LeGear, and Montez Shortridge, inmates of the Iowa State Penitentiary, claim to be third-party beneficiaries of a contract between the Iowa Department of Corrections and the state public defender providing that the latter will provide limited legal assistance to prison inmates. They assert that their rights under the contract have been denied. They also claim a right to relief on the ground that the legal assistance provided to them fails to satisfy the constitutional mandate for access to the courts imposed by the Fourteenth Amendment to the federal constitution. Although the named defendants are Walter Kautzky, Mark Smith, and Peter Hansen, we will only consider Hansen to be sued in an individual capacity. We must consider the other two defendants as sued as representatives of the Iowa Department of Corrections and the office of the state public defender.

After reviewing the record and considering the arguments presented, we conclude that summary judgment was proper for the contract claims of all plaintiffs. Summary judgment was also proper for the constitutional claims of plaintiffs Shortridge and Walters. However, there are genuine issues of material fact surrounding the constitutional claim of plaintiff LeGear that precludes the granting of summary judgment on that claim. Consequently, we reverse the judgment of the district court with respect to LeGear's constitutional claim and remand the case for further proceedings.

The Supreme Court in *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), determined that a prison system may satisfy the constitutional requirement of court access for prison inmates by utilizing various devices, including prison libraries, jailhouse lawyers, private lawyers under contract with corrections authorities, or some combination of those or other devices. *Bounds*, 430 U.S. at 830–31, 97 S.Ct. at 1499–1500, 52 L.Ed.2d at 84.

On July 1, 2000, the state public defender (SPD) contracted with the Iowa Department of Corrections (IDOC) to provide legal assistance to prison inmates.[1] Pur-

---

1. The statutory authority for this agreement is Iowa Code section 13B.7, which provides:

> The state public defender may supervise the provision of legal services, funded by an appropriation to the Iowa department of

suant to that agreement, the matters for which advice was to be provided included the following:

(1) notices of appeal of criminal convictions,

(2) petitions for postconviction relief,

(3) petitions for writs of habeas corpus,

(4) complaints pursuant to 42 U.S.C. § 1983,

(5) challenges to restitution under section 910.7,

(6) requests for appointment of counsel where appropriate, and

(7) other pleadings or motions concerning the inmate's criminal case or his conditions of confinement.

The agreement recited that SPD was to provide assistance in the following ways:

(1) confer with individual inmates about legal matters listed in items (1)-(7) above,

(2) interview inmates to ascertain relevant facts,

(3) advise inmates about the merits or lack of merits of their proposed litigation and the proper parties thereto,

(4) advise an inmate about resolutions alternative to litigation,

(5) advise an inmate which form would be appropriate for the proposed litigation,

(6) advise an inmate about prerequisites to filing,

(7) assist an inmate to complete an appropriate form regardless of the merits or lack of merits to an inmate's proposed litigation, and

(8) accept correspondence from inmates concerning any of the above.

The agreement expressly stated that "[t]here are no third party beneficiaries to this Agreement. This Agreement is intended only to benefit the DOC and the Public Defender."

The agreement provided that SPD might contract with private attorneys to provide those services. SPD contracted with attorney Peter Hansen to advise inmates at the state penitentiary. The agreement with Hansen incorporated in full the scope of services listed as items (1) through (7) of the IDOC agreement with SPD and the means of assistance specified in items (1) through (8) thereof as set forth above.

The petition in this action alleges that inmates Walters and LeGear each made requests for legal assistance from attorney Hansen. They assert that his response was inadequate to afford them reasonable access to the courts due to the fact that the prison was no longer maintaining an adequate law library and conferences with jailhouse lawyers were prohibited. The petition has alleged no specific request by plaintiff Shortridge for legal assistance from Hansen or SPD nor any actual injury that he has suffered.

LeGear alleges that he requested assistance in preparing a writ of certiorari to the United States Supreme Court. The record contains a written response to this request by Hansen in which he asserts that his contract with SPD prohibited such representation and that SPD could also not help LeGear.

Walters, who had a federal habeas corpus action pending, claims that he requested assistance from Hansen in objecting to a federal magistrate's proposed adverse decision on his claim. He asserts that he

corrections, to inmates of adult correctional institutions in civil cases involving prison litigation.

1988 Iowa Acts ch. 1161, § 7.

asked Hansen to research recent cases in the area. Hansen replied that his contract did not provide for doing such research.

Walters also asserts that he requested assistance from Hansen in filing a 42 U.S.C. § 1983 action against IDOC, SPD, and Hansen asserting a constitutional denial of access to the courts and also asserting a third-party beneficiary claim under the IDOC contract with SPD. Hansen's response was that he was not obligated to provide legal advice regarding legal action against himself.

The district court granted summary judgment in favor of all defendants with regard to both the third-party beneficiary contract theories and the constitutional claims. We review that ruling as it applies to each of the appellants, LeGear, Walters, and Shortridge.[2]

### I.   Scope of Review.

We review rulings granting motions for summary judgment to determine errors at law. *Grovijohn v. Virjon, Inc.,* 643 N.W.2d 200, 202 (Iowa 2002); *Kolbe v. State,* 625 N.W.2d 721, 725 (Iowa 2001); *Knudson v. City of Decorah,* 622 N.W.2d 42, 48 (Iowa 2000). It is legal error to grant such a motion if the facts viewed in the light most favorable to the nonmoving party support a right to relief under applicable law. *Grovijohn,* 643 N.W.2d at 202; *Kelly v. Iowa Mut. Ins. Co.,* 620 N.W.2d 637, 641 (Iowa 2000).

### II.   The Contract Claims.

Plaintiffs assert that they are third-party beneficiaries of the agreement for legal services between IDOC and SPD and between SPD and Hansen. The district court questioned their standing as third-party beneficiaries, but decided the

contract claims on the merits. In response to plaintiffs' contentions that the court's ruling on the merits of their contract claims was in error, we avoid discussion of that issue based on our belief that plaintiffs are clearly not third-party beneficiaries of the agreements in question.

In *Vogan v. Hayes Appraisal Associates, Inc.,* 588 N.W.2d 420 (Iowa 1999), we determined that the primary consideration in deciding whether nonparties to an agreement are third-party beneficiaries thereof is whether the contract manifests an intent to benefit those parties. *Vogan,* 588 N.W.2d at 423. This is the standard of Restatement (Second) of Contracts, which provides:

> *Unless otherwise agreed upon between promisor and promisee,* a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary;  or
>
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Restatement (Second) of Contracts § 302(1) (1979) (emphasis added). The agreement between IDOC and SPD expressly negates an intention to benefit the inmates of the institution where the legal services were to be provided. Because Hansen's contract served as the implementation of SPD's agreement with IDOC, it must be viewed as similarly limited as to the persons to be benefited. The district court was correct in granting summary judgment on plaintiffs' contract claims.

___

**2.**  Originally, inmate Steve Wycoff was included as a plaintiff in this litigation, but he has

not appealed from the district court's judgment.

## III. *Plaintiffs' Constitutional Claims.*

The scope of the Supreme Court's opinion in *Bounds v. Smith* was sharpened and narrowed in *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). *Lewis* found that implicit in *Bounds* was a need to show actual injury in order to successfully assert a denial of access to the courts. *Lewis,* 518 U.S. at 351, 116 S.Ct. at 2180, 135 L.Ed.2d at 618. The Court stated in that regard:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," *id.* at 823, 52 L.Ed.2d [at 80], 97 S.Ct. [at 1495] (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

*Id.* In giving examples of what might represent an alleged shortcoming that violated the constitutional standard, the Court in *Lewis* stated:

> [The prison inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by

inadequacies of the law library that he was unable even to file a complaint. *Id.* Finally, the Court, citing *Bounds,* made clear that the state has no obligation to enable the prisoner "to *litigate effectively* once in court." *Lewis,* 518 U.S. at 354, 116 S.Ct. at 2181, 135 L.Ed.2d at 619.

The Court of Appeals for the Eighth Circuit in *Cody v. Weber,* 256 F.3d 764 (8th Cir.2001), succinctly stated the framework for analyzing claims of this type. The court stated:

> The general framework for analyzing access to courts claims brought by inmates is set forth in *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). *Lewis* explains and narrows the Supreme Court's earlier holding in *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), concerning the nature of the right and the requirements for relief. In the context of an allegedly inadequate prison law library, the Court determined that the right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement, but it does not extend to the right to "discover grievances" or to "litigate effectively once in court." 518 U.S. at 354–55, 116 S.Ct. 2174, 135 L.Ed.2d 606. Moreover, an inmate who alleges an access violation is required to show actual injury. *Id.* at 349, 351, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606.

*Cody,* 256 F.3d at 767–68. We evaluate the claims of each of the plaintiffs in accordance with these standards.

■ A. *Shortridge's claims.* Shortridge makes no contention that he was denied any specific request for assistance in seeking entry to the courts nor does he suggest that he sought such assistance. He merely urges that there is a potential

to deny him access to the courts in the future because of the deficiency in the representation that is being provided to inmates in the state penitentiary. The district court found that Shortridge's claims fail to assert any actual injury and therefore fail to meet the *Lewis* standard as articulated by the eighth circuit in *Cody*. We agree. One may not successfully assert a denial of access to the courts in the absence of suggesting a particular claim that needs adjudication. Summary judgment was properly granted as to all of Shortridge's claims.

■ B. *LeGear's claims.* LeGear asserts that he was impeded from filing a petition for a writ of certiorari to the United States Supreme Court because of an inadequate prison library and refusal of SPD's contract attorney to assist him. The defendants resist this claim on the basis that they were not required to represent LeGear in any petition to the Supreme Court, that his proposed certiorari petition was frivolous, and that the petition was untimely. In reviewing the record, it seems clear that LeGear only sought assistance in preparing the certiorari petition and did not seek formal representation with respect thereto.

In *White v. Kautzky*, 269 F.Supp.2d 1054 (N.D.Iowa 2003), a challenge was made to representation under the same contracts that are before the court in the present case but involving different contract attorneys. In that case the inmate had sought assistance in filing a postconviction relief application in the state court. The response of the contract attorney was to present him with a form that could be used for pro se filings and a refusal of further assistance. Although the magistrate reviewing this claim recommended a grant of summary judgment in favor of the defendants, the district court concluded that a factual issue existed as to whether that refusal of assistance constituted a denial of access to the courts.

In so ruling, the court stated:

[H]ad the contract attorneys provided [plaintiff] with the services required under the contract with the Iowa Department of Corrections, [plaintiff's] "access to the courts" claim would almost undoubtedly fail on this first requirement. The contract provides, *inter alia,* that the contract attorneys "will assist offenders in the correctional facility ... who seek legal advice or wish to file pleadings in the following areas: ... Petitions for post-conviction relief...." The contract also provides that the contract attorneys "will ... [c]onfer with individual offenders about the legal matters listed above [and][a]dvise the offender about the merits or lack of merit of any proposed litigation and the proper parties thereto...."

That is not to say that [plaintiff] can satisfy the first requirement of his "access to courts" claim simply by showing a breach of the duties imposed upon the contract attorneys by their contract. However, what [plaintiff] has done is generate genuine issues of material fact as to whether the conduct of the contract attorneys in this case, which White avers consisted of simply handing him an application for post-conviction relief without even attempting to provide him with any advice concerning the merits of his claim, *when he had no other source of information to assess the merits of his claim,* constituted providing " 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.' "

*White,* 269 F.Supp.2d at 1061–62 (quoting *Lewis,* 518 U.S. at 351, 116 S.Ct. at 2174, 135 L.Ed.2d at 617–18). (citations omitted).

LeGear's allegations, not negated by the summary-judgment papers, suggests that

he was unable to discover the requirements for filing a petition for certiorari to the Supreme Court from other sources. With respect to the claims that LeGear's proposed petition for certiorari was both frivolous and untimely, we have no basis for evaluating such contentions factually. There is nothing in the record on the motion for summary judgment that establishes either the frivolous nature of this unspecified legal claim or its untimely nature.[3] Consequently, the summary-judgment ruling on LeGear's constitutional challenge must be reversed, and that claim remanded for further proceedings. Those proceedings shall be against defendant Kautzky, as representative of the Iowa Department of Corrections, and not against the other defendants.

■ C. *Walters' claims.* With respect to Walters' claim that he was denied access to the courts on his federal habeas corpus claim, it appears that he had gained access to the courts with respect to that proceeding and that a federal magistrate had reached an adverse conclusion concerning the merits thereof. The State has asserted that Walters was represented by counsel at that time and that his appointed counsel was available and competent to lodge any challenges to the magistrate's proposed decision. His failure to controvert these factual assertions precludes us from finding that there is any genuine issue of material fact to support his claimed denial of access to the courts on that claim. The district court properly granted summary judgment with respect thereto.

With respect to Walters' claim that he was denied access to the courts by the refusal of Hansen to assist in the filing of a 42 U.S.C. § 1983 action against IDOC, SPD, and himself, we conclude that the nature of the proposed action might have involved a challenge to the conditions of his confinement under a theory that preclusion of access to the courts is a condition of confinement. Although Hansen and the SPD might have appropriately responded that it would be improper for them to assist in the bringing of a legal action to which they would be a party, that circumstance does not relieve IDOC, as the alter ego of the State of Iowa, from any obligation it may have to allow Walters court access to challenge his conditions of confinement.

Notwithstanding the foregoing facts, we are satisfied that in bringing the action now before the court Walters has obtained the access necessary to litigate those matters for which he sought assistance. Any inadequacies in the legal services provided to him either by way of a substandard library, inadequate assistance from the contract attorney, or denial of access to a jailhouse lawyer have not been shown to deny him his day in court with respect to the matters for which he sought assistance from attorney Hansen. The district court correctly granted summary judgment on Walters' constitutional claims.

■ D. *Alleged conflict of interest.* All of the plaintiffs have alleged that a conflict of interest arises from relying on lawyers paid by the State to advise them concerning challenges to their sentences of confinement or their conditions of confine-

3. Although the conviction for which LeGear is imprisoned became final on March 14, 1984, the record indicates that he has, in the meantime, filed one or more 42 U.S.C. § 1983 actions in the federal courts. Potentially, his request for assistance in filing a petition for certiorari to the United States Supreme Court involved one of those matters. It is the bur-

den of the defendants to establish in their motion for summary judgment that the particular claim was untimely or frivolous or that the proposed certiorari petition did not relate to LeGear's confinement. They have provided no factual basis in the summary-judgment record for concluding that is the case.

ment. In order to prevail on that claim, plaintiffs must establish that the alleged conflict produced a negative impact of constitutional dimension upon their access to the courts. We are satisfied that no constitutional impairment to court access has been demonstrated from the nature of the alleged conflict. In dealing with this very issue, the Supreme Court in *Bounds* gave approval for providing legal services through private lawyers under contract with correction authorities. *Bounds,* 430 U.S. at 830–31, 97 S.Ct. at 1499–1500, 52 L.Ed.2d at 84.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed with respect to the claims of plaintiffs Walters and Shortridge, but reversed with respect to the constitutional claim of plaintiff LeGear. The case is remanded to the district court for further proceedings on that claim not inconsistent with this opinion. The costs on appeal are taxed sixty-seven percent to appellants Walters and Shortridge and thirty-three percent to the Iowa Department of Corrections.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**