**WINBCO TANK COMPANY, INC., Plaintiff,**

v.

**PALMER & CAY OF MINNESOTA, L.L.C., Defendant.**

**Palmer & Cay of Minnesota, L.L.C., Third–Party Plaintiff,**

v.

**St. Paul Fire and Marine Insurance Company, Third–Party Defendant.**

**St. Paul Fire and Marine Insurance Company, Third–Party Plaintiff,**

v.

**Verasun Energy Corporation and Affiliated FM Insurance Company, Third–Party Defendants.**

**Verasun Energy Corporation Company, Cross–Claim Plaintiff,**

v.

**Affiliated FM Insurance Company, Cross–Claim Defendant.**

**No. 4:04–CV–00694–CFB.**

United States District Court, S.D. Iowa, Central Division.

May 17, 2006.

---

John N. Moreland, Harrison, Moreland & Webber PC, Ottumwa, IA, for Plaintiff.

F. Richard Lyford, Richard A. Malm, Dickinson Mackaman Tyler & Hagen PC, Des Moines, IA, for Defendant, Third–Party Plaintiff.

Stephen D. Hardy, Grefe & Sidney PLC, Des Moines, IA, for Third–Party Defendant, Third–Party Plaintiff.

Gregory M. Lederer, Simmons Perrine Albright & Ellwood, Cedar Rapids, IA, Matthew S. Ponzi, Michael L. Foran, Foran Glennon Palandech & Ponzi PC, Chicago, IL, for Cross–Claim Defendant.

Brent R. Appel, Wandro, Baer, Appel & Casper, PC, Des Moines, IA, for Third–Party Defendants, Cross–Claim Plaintiff.

## ORDER ON MOTIONS TO DISMISS

BREMER, United States Magistrate Judge.

The Court has before it Third–Party Defendant and Cross–Claim Defendant Affiliated FM Insurance Company's Motion to Dismiss St. Paul Fire and Marine Insurance Company's Third–Party Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Clerk's No. 26), filed on January 17, 2006; and Affiliated FM's Mo-

tion to Dismiss VeraSun Energy Corporation's[1] Cross–Claim (Clerk's No. 32), filed on January 24, 2006. The parties have filed Resistances and Replies. These matters are fully submitted.

The Court held a hearing on February 22, 2006. At the hearing, Richard Lyford represented Defendant and Third–Party Plaintiff Palmer & Cay of Minnesota, Stephen Hardy and Jacob Cummings represented Third–Party Defendant and Third–Party Plaintiff St. Paul, Brent Appel represented Third–Party Defendant and Cross–Claim Plaintiff VeraSun, and Michael Foran represented Third–Party Defendant and Cross–Claim Defendant Affiliated FM.

The parties consented to proceed before a United States Magistrate Judge, and on May 19, 2005, the case was referred to the undersigned for all further proceedings. *See* 28 U.S.C. § 636(c).

## I. Applicable Standard and Law

A court may grant a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (noting the Federal Rule's simplified notice pleading standard) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *accord Miller v. Pil-*

*grim's Pride Corp.*, 366 F.3d 672, 673 (8th Cir.2004); *First Nat'l Bank of Camden, Ark. v. Tracor, Inc.*, 851 F.2d 212, 214 (8th Cir.1988) (stating that on a motion to dismiss for failure to state a claim, the court must deny the motion and grant leave to file an amended petition, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (quoting *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A court must accept all the factual allegations in the complaint as true and construe the facts in the light most favorable to the plaintiff. *Maki v. Allete, Inc.*, 383 F.3d 740, 742 (8th Cir. 2004) (stating courts draw all reasonable inferences in favor of the nonmoving party on a Rule 12(b)(6) motion to dismiss); *Miller*, 366 F.3d at 673.

In this case, the claims, third-party claims, and cross-claims involve contracts between parties in various states, and property damage in South Dakota. Plaintiff WINBCO Tank Company bases jurisdiction over its claim on diversity of citizenship. 28 U.S.C. § 1332. Federal courts exercising diversity jurisdiction apply the forum state's substantive law, including its choice-of-law doctrines. *Miller*, 366 F.3d at 673; *Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055, 1064 (8th Cir.2003).[2] When no party raises a conflict-of-law issue in a diversity case, however, "the federal court simply applies" the forum state's law. *Grundstad v. Ritt*, 166

---

1. VeraSun Energy Corporation is presently known as VeraSun Aurora Corporation.

2. The same rule applies to a federal court exercising supplemental jurisdiction. *Menuskin v. Williams*, 145 F.3d 755, 761 (6th Cir. 1998).

Palmer & Cay, a Minnesota corporation with its principal place of business in Minnesota, does not invoke diversity of citizenship jurisdiction for its impleader claim against St. Paul, another Minnesota corporation with its

principal place of business in Minnesota, but claims that jurisdiction is founded on supplemental jurisdiction under 28 U.S.C. § 1367. The impleader claim can be asserted in federal court under supplemental jurisdiction, because the claim is so closely related to the underlying claim that it can be considered part of the same case or controversy. *See United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 725–26, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); 28 U.S.C. § 1367.

F.3d 867, 870 (7th Cir.1999); *cf. Union Elec. Co. v. Southwestern Bell Tel.,* 378 F.3d 781, 785 (8th Cir.2004) (applying the law of the forum state, when parties apparently agreed that application of that state's law was proper); *Cordry v. Vanderbilt Mortgage & Finance, Inc.,* 445 F.3d 1106, 1108 (8th Cir.2006) (stating the parties agreed that Missouri contract applied in the diversity action). In this case, the parties apparently agree that the application of the law of the forum state, Iowa, is proper, and therefore the Court will apply Iowa's substantive law.

## II. Facts Alleged

The relevant alleged facts are as follows.[3]

### A. WINBCO's Complaint (Clerk's No. 1)

WINBCO alleges that on approximately April 1, 2003, Defendant Palmer & Cay, an insurance broker, "caused to be issued" by St. Paul an insurance policy covering WINBCO's risks in connection with its construction of facilities on property owned by VeraSun in Aurora, South Dakota.[4] (Clerk's No. 1 at 1.) WINBCO asserts that before the policy's inception date, Palmer & Cay, through its employee James A. Silesky, assured WINBCO that the insurance policy would cover WINBCO's "construction projects in progress after the beginning of the work, but prior to completion and acceptance by the owner," and it was therefore unnecessary for WINBCO to buy "builders' risk" insurance. *Id.*

On April 16, 2003, wind damaged the Aurora facilities while they were under construction. WINBCO made the necessary repairs. WINBCO alleges that when it presented claims for reimbursement[5] of the repair cost to Palmer & Cay, the broker said St. Paul, "would not honor the claims as presented," and that WINBCO had to seek reimbursement through the insurance coverage, if any, purchased by VeraSun. *Id.* at 2.

WINBCO filed its Complaint against Palmer & Cay on December 13, 2004, seeking reimbursement for the cost of repairing the wind-damaged facilities. WINBCO attached to its complaint Exhibit B, a Certificate of Liability Insurance, "showing certain coverages on the project[ ] in question." *Id.* at 1 (alteration added). Palmer & Cay authored the certificate. The certificate stated that insurance policies were issued to WINBCO covering commercial general liability, automobile liability, and workers' compensation and employers' liability. *Id.* at Ex. B. WINBCO made no allegations in its Complaint concerning the names of the insurance companies providing the coverage listed in the certificate. The certificate itself, however, stated that St. Paul provided the workers' compensation and employers' liability coverage, while another insurer, Steadfast Insurance Company, provided the general liability coverage.

---

**3.** Because St. Paul in its Third–Party Complaint refers to the claims WINBCO asserts in its Complaint and to the claims Palmer & Cay asserts in its Third–Party Complaint, and because Affiliated FM challenges Palmer & Cay's Third–Party Complaint, as well as St. Paul's Third–Party Complaint and VeraSun's Cross–Claim, the Court outlines the facts alleged in WINBCO's Complaint and Palmer & Cay's Third–Party Complaint, in addition to the facts alleged in St. Paul's Third–Party Complaint and VeraSun's Cross–Claim.

**4.** WINBCO's claims regarding reimbursement for its repairs to wind-damaged property in Minden, Nebraska, have been settled and are no longer an issue in this case.

**5.** Exhibit C, attached to the Complaint, shows WINBCO's claim in the amount of $59,188.40 presented to Palmer & Cay for reimbursement for tank repairs in Aurora. (Compl. at Ex. C.)

*Id.* WINBCO attached no insurance policy to its Complaint.

In its Answer, Palmer & Cay admits it acted as a broker in procuring insurance for WINBCO, including insurance covering the construction project at issue, but admits only that Exhibit B "generally" described the coverage obtained. (Clerk's No. 5 at 2.)

### B. Palmer & Cay's Third–Party Complaint (Clerk's No. 14)

In its Third–Party Complaint against St. Paul, Palmer & Cay claims that while acting as a broker for WINBCO, it sold an insurance policy to WINBCO issued by St. Paul and covering the loss for which WINBCO claims insurance coverage exists.

Palmer & Cay alleges that when demand was made on St. Paul to cover the amounts WINBCO claimed, St. Paul "refused to honor or pay any claim." (Clerk's No. 14 at 2.)

Palmer & Cay claims that St. Paul "breached its contract to insure and damaged" the broker as a result. *Id.* Palmer & Cay did not state in its Third–Party Complaint that if it is found liable on WINBCO's claim against it, then St. Paul is liable to Palmer & Cay.

### C. St. Paul's Third–Party Complaint (Clerk's No. 18)

St. Paul summarizes in its Third–Party Complaint WINBCO's claims and allegations, stating, "Plaintiff asserts that Defendant, Palmer & Cay of Minnesota, L.L.C., should be required to pay" WINBCO's claims for reimbursement for repairs to the tanks in Aurora, and attaching a copy of WINBCO's Complaint and exhibits, including the Certificate of Liability Insurance. (Clerk's No. 18 at 1, Ex. B.)

St. Paul alleges VeraSun entered into a prime contract for construction of its Aurora facility, which included tanks. The prime contract and its subcontracts identified VeraSun as the "owner" and WINBCO as "a subcontractor." *Id.* at 3. "The parties to the prime contract agreed in pertinent part to all pertinent provisions of the subcontracts and that the subcontractors were entitled to all rights, remedies and redress to which the contractor and owner were entitled." *Id.*

St. Paul further asserts the prime contract provided that VeraSun, "shall purchase and maintain" appropriate "all risk" insurance covering all property relevant to the contract against such perils as windstorm, and "expressly to include the interests of the owner, contractor, and subcontractors on the project and to adjust any loss insured thereunder and to pay to contractor and subcontractors their just shares of insurance proceeds received." *Id.*

St. Paul maintains that a policy issued by Affiliated FM to VeraSun [6], "was obtained at least in apparent compliance or accord" with the prime contract. *Id.* St. Paul claims it and WINBCO were "third-party beneficiaries of the aforesaid prime contract and insurance policy of Affiliated FM Insurance Company, and entitled to direct recovery of their loss or damages thereunder." *Id.* at 4.

St. Paul alleges that the insurance coverage applicable to WINBCO's loss was provided under the Affiliated FM policy, and not under the St. Paul policy issued to WINBCO. St. Paul claims that VeraSun apparently breached the prime contract

---

**6.** In its Cross-Claim, VeraSun states that Affiliated FM issued the insurance policy on

March 6, 2003. (Clerk's No. 25 at 3.)

and subcontract by failing to claim, adjust, and distribute to WINBCO the insurance proceeds for WINBCO's loss, and to reimburse St. Paul for any claim, loss, or expense incurred in connection with the loss. St. Paul further maintains that an Affiliated FM agent knew of WINBCO's loss, which constituted notice to Affiliated FM, but that the company refused to pay WINBCO's claims, thus breaching the insurance policy Affiliated FM issued to VeraSun. St. Paul seeks compensatory damages.

St. Paul also claims it is entitled to a declaratory judgment that, "the loss(es) of WINBCO which are the subject of this action were properly covered by the policy of Affiliated FM Insurance Company ... and that accordingly, the policy issued by St. Paul to Winbco[sic] did not provide coverage therefor." (Clerk's No. 18 at 4–5.)

St. Paul attached to its Third–Party Complaint copies of the prime contract and subcontracts, but no copies of relevant insurance policies. St. Paul did not state in its Third–Party Complaint that if it is found liable to Palmer & Cay, then VeraSun and Affiliated FM are liable to it.

VeraSun, in its Answer to St. Paul's Third–Party Complaint, admits that its "insurance policy with Affiliated FM Insurance Co. was obtained to meet the requirements of all applicable" construction contracts and that it did not present a claim to Affiliated FM, but VeraSun denies that WINBCO's losses were covered by the Affiliated FM policy issued to VeraSun. (Clerk's No. 25 at 2.)

### D. VeraSun's Cross–Claim (Clerk's No. 25)

In it Cross–Claim against Affiliated FM, VeraSun alleges that, "[p]rior to the completion and delivery of a completed tank, liability for any losses due to weather under the applicable agreements, do not rest with [VeraSun], but instead are the responsibility of the contractor or subcontractor," and that the losses at issue in this case happened while the tanks were under construction and before delivery of a completed tank to VeraSun. (Clerk's No. 25 at 3 (alteration added).) The company maintains, however, that if it is found liable to WINBCO or to a Third–Party Plaintiff, then VeraSun is entitled to indemnity by Affiliated FM under the terms of the insurance policy that Affiliated FM issued to VeraSun.

## III. Discussion

### A. Affiliated FM's Motion to Dismiss Third–Party Complaints (Clerk's No. 26)

Affiliated FM contends the Court should dismiss St. Paul's Third–Party Complaint against it, because the underlying Third–Party Complaint filed by Palmer & Cay against St. Paul should be dismissed in that it does not satisfy the requirements of Federal Rule of Civil Procedure 14. Because Affiliated FM argues that Palmer & Cay's Third–Party Complaint should be dismissed, the Court construes Affiliated FM's Motion to Dismiss St. Paul's Third–Party Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), (Clerk's No. 26), as including a Motion to Dismiss Palmer & Cay's Third–Party Complaint.

Alternatively, Affiliated FM asks the Court to dismiss St. Paul's Third–Party Complaint, because the pleading allegedly does not satisfy Rule 14's requirements.

#### 1. Palmer & Cay Cannot Maintain a Third–Party Action Against St. Paul

Affiliated FM first asserts that Palmer & Cay's Third–Party Complaint does not satisfy Rule 14's requirements, and therefore is not a valid third-party complaint, because Palmer & Cay has not pleaded

any basis for St. Paul's alleged liability to the broker; an exhibit attached to WINBCO's Complaint indicates St. Paul issued WINBCO only workers' compensation insurance; and Palmer & Cay did not properly allege that derivative liability exists by specifically stating in its Third–Party Complaint that if it is found liable to WINBCO, then St. Paul is liable to Palmer & Cay.

### a. Palmer & Cay Failed to Plead Basis of St. Paul's Liability

Affiliated FM objects that Palmer & Cay has not pleaded a basis for St. Paul's liability to it for all or part of WINBCO's claim against Palmer & Cay, as required by Rule 14. Moreover, Affiliated FM argues, Palmer & Cay's liability is predicated on WINBCO's allegations that the broker failed to obtain the proper insurance, but if Palmer & Cay failed to obtain the proper insurance, St. Paul cannot be held liable—the insurer can be liable only if the broker obtained the correct insurance coverage, in which case Palmer & Cay would have no liability to WINBCO. (Clerk's No. 27 at 5–6.)

Rule 14 states that a third-party plaintiff may serve a complaint on a "person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14. Under Rule 14, a defendant may not assert a separate and independent claim, even when the claim arises out of the same general facts as the main claim. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir.2003) (citing *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1139 n. 7 (8th Cir.1976)). The third-party defendant, however, need not be liable to the plaintiff. *See International Paving Sys. v. Van–Tulco, Inc.*, 866 F.Supp. 682, 688 (E.D.N.Y.1994) (holding that interpleader was proper, even though the original and third-party claims arose from distinct contracts, when resolution of the contractual responsibilities at issue in the third-party claim depended on the resolution of contractual responsibilities at issue in the main action).

In support of its argument, Affiliated FM relies on one case, *Murray v. Reliance Ins. Co.*, 60 F.R.D. 390 (D.Minn.1973), in which the court denied the defendant's motion to implead the insured's counsel as third-party defendants under Rule 14, concluding that even if it was assumed that the counsel were guilty of negligence that would make them liable to the plaintiff, no theory existed on which the counsel might be liable to the defendant. *Id.* at 392.

Here, however, Palmer & Cay asserts that a theory exists on which St. Paul might be liable to it. The broker alleges in its Third–Party Complaint that because St. Paul refused to "honor or pay any claim," it "breached its contract to insure and damaged [Palmer & Cay] in doing so." (Clerk's No. 14 at 22 (alteration added).) Based on the parties' pleadings, the Court observes that this case involves several agreements or contracts. Under one contract, WINBCO and Palmer & Cay agreed that the broker would procure for WINBCO insurance including coverage for certain risks to tanks the company planned to install in Aurora. Palmer & Cay also had a contract with St. Paul, in which the insurer agreed to issue insurance that would include coverage of risks of damage to the tanks WINBCO would install in Aurora.

Construing all factual allegations in the Third–Party Complaint in the light most favorable to Palmer & Cay, the Court understands Palmer & Cay's claim to be that St. Paul breached the contract or agreement between itself and Palmer & Cay. If Palmer & Cay is found liable to WINBCO for negligent misrepresentation regarding coverage, for example, or for

breach of the contract to procure insurance, then St. Paul may be liable to Palmer & Cay—for at least part of the underlying claim—for breaching their contract or for indemnity. *See, e.g., Mid–America Real Estate Co. v. Iowa Realty Co., Inc.,* 406 F.3d 969, 974 (8th Cir.2005) (applying Iowa law to claim that defendant's action restricted an essential purpose of the marketing agreement, thereby breaching the implied covenant of good faith and fair dealing; "[g]ood faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party") (citing *Kooyman v. Farm Bureau Mut. Ins. Co.,* 315 N.W.2d 30, 34 (Iowa 1982); Restatement (Second) of Contracts § 205, comment a (1981)); *Evans v. McComas–Lacina Constr. Co.,* 641 N.W.2d 841, 847–848 (Iowa 2002) (reversing grant of summary judgment in third-party indemnity action brought by general contractor seeking indemnification from subcontractor, on basis of subcontractor's negligence, for part of employee's underlying negligence suit against general contractor, when subcontract's provisions clearly and unequivocally required subcontractor to indemnify general contractor in certain situations, stating contractual indemnity ordinarily will be enforced; and finding genuine issues of material fact precluded summary judgment on general contractor's claim that subcontractor breached subcontract by failing to provide owners' or contractors' protective liability insurance as required by contractual terms); *cf. Nova Products, Inc. v. Kisma Video, Inc.,* 220 F.R.D. 238, 240 (S.D.N.Y.2004) (granting defendants' motion to implead, when plaintiff film company alleged that defendant video stores sold illegal duplicate videos of films that infringed on and damaged plaintiff's business, and defendants alleged that if they were held liable to plaintiff, they would have claims against the film distributor for breach of contract through breach of a purchase and sales agreement and/or misrepresentation of critical facts, and would be indemnified by the film distributor).

In asserting that if Palmer & Cay is found liable for negligence to WINBCO, then St. Paul cannot be found liable, Affiliated FM seems to be arguing that Palmer & Cay is not entitled to indemnification for its own negligence. Although Iowa courts apply a "rule of construction against indemnification for the indemnitee's own negligence," indemnity may be permitted when the indemnification agreement "clearly and unequivocally" expresses the intent to indemnify the indemnitee's negligence. *McNally & Nimergood v. Neumann–Kiewit Constructors, Inc.,* 648 N.W.2d 564, 572 (Iowa 2002). Even "broad indemnity language may reveal an intent to indemnify an indemnitee for its own negligence." *Id.* at 573.

The Court cannot hold that if Palmer & Cay is found liable on the underlying claim, the broker could prove no facts to establish that St. Paul is liable to it for all or part of the underlying claim. Accordingly, the Court declines to dismiss Palmer & Cay's Third–Party Complaint against Affiliated FM on this basis.

**b. Conflict in Documents**

Affiliated FM next maintains that the Certificate of Liability Insurance attached as Exhibit B to WINBCO's Complaint, and attached to and incorporated by reference in St. Paul's Third–Party Complaint, indicates the insurance St. Paul issued to WINBCO covered only workers' compensation claims, and not the property damage at issue in this case, thus conflicting with Palmer & Cay's claim that St. Paul issued an insurance policy that covered WINBCO's claimed loss as a result of tank repairs in Aurora. In its Resistance, St. Paul—and Palmer & Cay by adopting St.

Paul's arguments [7]—counters that the indication in Exhibit B is a scrivener's error.

■ When matters outside the pleadings are presented to and not excluded by a court when it is considering a Rule 12(b)(6) motion, Rule 12(b) requires the court to treat the motion as one for summary judgment. *Mattes*, 323 F.3d at 698 n. 4. In considering a Rule 12(b)(6) motion to dismiss, however, a court, "may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Id.; accord Enervations, Inc. v. Minnesota Mining and Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir.2004). As an initial matter, therefore, the Court must determine whether it can consider the Certificate of Liability Insurance in ruling on the Motion to Dismiss, without treating the Motion as one for summary judgment.

WINBCO alleged in its Complaint that Palmer & Cay "caused to be issued an insurance policy or policies purporting to cover risks of Plaintiff in connection with construction of facilities in ... Aurora," and attached Exhibit B, a Certificate of Liability Insurance, "issued by the Defendant showing certain coverages on the projects in question." (Clerk's No. 1 at 1.) The Court determines the certificate attached to WINBCO's Complaint is "necessarily embraced" by the Complaint and did not constitute matters outside the pleading. *See Enervations*, 380 F.3d at 1069; *Mattes*, 323 F.3d at 698 n. 4.

Palmer & Cay did not attach or refer to the certificate in Exhibit B in its Third–Party Complaint. St. Paul, however, among its exhibits with its Third–Party Complaint included WINBCO's Complaint, along with the attached certificate. To consider the certificate in deciding Affiliated FM's Rule 12(b)(6) Motion to Dismiss, the Court need not determine whether the certificate was "necessarily embraced" by Palmer & Cay's and St. Paul's Third–Party Complaints, as well as by WINBCO's Complaint, because Federal Rule of Civil Procedure 10(c) provides that, "Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed.R.Civ.P. 10(c). The Court therefore concludes that it may consider the certificate without treating Affiliated FM's Motion to Dismiss as one for summary judgment.[8] *See Enervations*, 380 F.3d at 1069; *Mattes*, 323 F.3d at 698 n. 4.

The Court must resolve the seeming conflict between the indication in Exhibit B that St. Paul provided only workers' compensation insurance, and Palmer & Cay's allegations in its Third–Party Complaint that the insurance policy St. Paul issued to WINBCO covered the property damage for which WINBCO claimed coverage. *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir.1998) (stating court had to determine what documents constituted the pleadings and how to resolve the conflicts that might arise within the documents when considering a motion for judgment on the pleadings under Rule 12(c), applying the same standard used under Rule 12(b)). The Court keeps in mind its duty to construe "all pleadings ... to do substantial justice." *See Board of Managers of Arkansas Training School*

---

7. In its Brief in Resistance to Affiliated FM's Motion to Dismiss, Palmer & Cay incorporates by reference St. Paul's Brief in support of its Resistance. (Clerk's No. 38-2 at 4.)

8. The Court has excluded from consideration the other materials attached to the pleadings. *See* Fed.R.Civ.P. 12(b).

*for Boys v. George,* 377 F.2d 228, 231 (8th Cir.1967) (finding complaint necessarily incorporated statutes by reference in alleging that the Arkansas juvenile judges had acted pursuant to "state law"); Fed. R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

■■■ Generally, "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Northern Indiana Gun & Outdoor Shows,* 163 F.3d at 454. Under Rule 10, however, a plaintiff is not required "to adopt as true the full contents of any document attached to a complaint or adopted by reference." *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 674 (2d Cir.1995) (noting that a libel plaintiff may attach the writing alleged in the complaint to be libelous without risk that the court will deem true all libels in the writing); *accord Northern Indiana Gun & Outdoor Shows,* 163 F.3d at 454 (stating Rule 10(c) did not require a plaintiff to adopt every word in the exhibits as true for purposes of pleading "simply because the exhibits were attached to the complaint to support an alleged fact"). Rather than accepting as true "every word in a unilateral writing by a defendant and attached by a plaintiff to a complaint," a court must consider such factors as, "why a plaintiff attached the documents, who authored the documents, and the reliability of the documents." *Northern Indiana Gun & Outdoor Shows,* 163 F.3d at 454 (concluding that district court should not have credited over the complaint the allegations in letters attached to complaint, when letters were not offered for their truth and did not form basis of plaintiff's claims). WINBCO alleged in its Complaint that Palmer & Cay arranged for the issue of insurance policies to cover risks associated with construction of facilities in Aurora, and WINBCO attached as Exhibit B the certificate issued by Palmer & Cay "showing certain coverages on the projects in

question." (Clerk's No. 1 at 1). WINBCO did not name a particular insurance company in its Complaint. WINBCO based its claim on the allegation that Palmer & Cay had agreed to provide insurance coverage for the type of loss—the cost of property repairs—WINBCO sustained in Aurora, and not on the allegation that St. Paul was the insurance company that issued the policy. WINBCO thus attached Exhibit B to show that Palmer & Cay arranged for the issuance of insurance to cover the loss for which WINBCO sought recovery, not to show that St. Paul was the company that issued the insurance policy covering WINBCO's cost of repairs to facilities in Aurora.

Palmer & Cay authored the certificate in Exhibit B. By stating a scrivener's error caused the certificate's indication that St. Paul provided only workers' compensation insurance for WINBCO in Aurora, St. Paul challenges the reliability of the certificate's indication. As the insurer, St. Paul has more knowledge about the insurance policy it issued then does the broker. Moreover, as Third–Party Defendant, St. Paul would benefit if the Court determines that it provided only workers' compensation insurance for WINBCO. The Court finds that St. Paul's statement describing a scrivener's error, therefore, undercuts the reliability of the indication in the certificate that St. Paul provided only workers' compensation insurance for WINBCO.

■■■ After considering why WINBCO attached the Certificate of Liability Insurance to its Complaint, who authored the certificate, and the questionable reliability of the certificate's indication that St. Paul provided only workers' compensation insurance for WINBCO, the Court does not regard as presumptively true the indication in the certificate that St. Paul provided only workers' compensation insurance for WINBCO in Aurora. The Court

therefore holds that the certificate attached as Exhibit B to WINBCO's Complaint does not preempt Palmer & Cay's allegations in its Third–Party Complaint against St. Paul. The Court declines to grant Affiliated FM's Motion to Dismiss on this basis.

### c. Insufficiently Pleaded in Complaint

Affiliated FM next asserts Palmer & Cay's Third–Party Complaint should be dismissed, because the broker failed to satisfy Rule 14 by specifically pleading that if Palmer & Cay is found liable to WINBCO, then St. Paul is liable to Palmer & Cay.

St. Paul—and Palmer & Cay by adopting St. Paul's arguments in resistance to dismissal—requests the Court offer every party an opportunity to amend their third-party complaint, as needed to comply with Rule 14.

When justice requires, a court should freely grant a party's motion for leave to amend. Fed.R.Civ.P. 15(a). At this stage of the proceedings, because it does not appear beyond doubt that Palmer & Cay can prove no set of facts in support of its claim that would entitle it to relief, the Court will deny the Rule 12(b)(6) Motion to Dismiss and grant Palmer & Cay leave to file an amended complaint. *See First Nat'l Bank of Camden,* 851 F.2d at 214. Any Amended Complaint shall be filed by May 31, 2006.

### 2. St. Paul Cannot Maintain a Third–Party Action Against Affiliated FM

Affiliated FM asserts that the Court should dismiss St. Paul's Third–Party Complaint against it, including a claim for declaratory judgment, because the pleading does not satisfy Rule 14's requirements.

### a. Declaratory Judgment Claim

Affiliated FM first argues that Rule 14 applies to St. Paul's claim for declaratory judgment, as well as to the remaining claims in St. Paul's Third–Party Complaint.

Federal Rule of Civil Procure 57, which governs declaratory judgment actions, states, "[t]he procedure for obtaining a declaratory judgment ... shall be in accordance with these rules." Fed.R.Civ.P. 57; *International Broth. of Teamsters v. Eastern Conf. of Teamsters,* 160 F.R.D. 452, 456 (S.D.N.Y.1995) (noting that "by specifically referencing the Federal Rules, Rule 57 contemplates" that a declaratory judgment action "is subject to the Federal Rules"). In particular, a declaratory judgment action is subject to Rule 14's requirements, as held by *United States Fire Ins. Co. v. Reading Mun. Airport Auth.,* 130 F.R.D. 38, 39 (E.D.Pa.1990), the case cited by Affiliated FM. *See also Caringal v. Karteria Shipping, Ltd.,* Nos. CIV.A. 99–3159, CIV.A. 99–3161, CIV.A. 99–3632, 2000 WL 1036224 at *4 (E.D.La. July 25, 2000) (unpublished) (finding that court had admiralty jurisdiction over declaratory judgment action properly filed as a third-party claim in admiralty under Rule 14); *Britamco Underwriters, Inc. v. B. & D. Milmont Inn, Inc.,* No. CIV.A. 95–CV–6039, 1996 WL 445355, at *2 (E.D.Pa. Aug.6, 1996) (unpublished) ("Third-party practice by a defendant is governed by paragraph (a) of Rule 14.").

Affiliated FM maintains that in asserting its declaratory judgment action, St. Paul has not and cannot satisfy Rule 14's requirement that St. Paul plead that Affiliated FM is liable to it for all or part of Palmer & Cay's claim against the insurer. St. Paul counters that it has adequately pleaded its declaratory judgment claim.

██ St. Paul seeks a declaratory judgment that WINBCO's losses at issue in

this action "were properly covered by the policy of Affiliated FM ... and that accordingly, the policy issued by St. Paul" to WINBCO did not provide coverage for the losses. (Clerk's No. 18 at 4–5.) If St. Paul prevails on its declaratory judgment action, it will be entitled to a judgment that it is not liable on Palmer & Cay's Third–Party Complaint. That does not create a claim for which Affiliated FM (or VeraSun) could be found liable to St. Paul. *See United States Fire Ins.*, 130 F.R.D. at 39 (holding that the insured was not entitled to implead the insurance agent as a third-party defendant, because if plaintiff insurer prevailed in its declaratory judgment action, it would be entitled to a judgment that it was not obligated under the insurance contract for the injury claim, which would not create a claim against the insured for which the agent could be liable in whole or in part). Accordingly, the Court grants Affiliated FM's Motion to Dismiss St. Paul's declaratory judgment action.

### b. Remaining Claims

Affiliated FM next contends that St. Paul cannot maintain a cause of action against Affiliated FM for contribution based on other-insurance clauses in the relevant policies, because such an action "can only be maintained where two companies provide insurance for the same loss," which is not the case here, in that St. Paul provided workers' compensation insurance and Affiliated FM provided builders' risk insurance. (Clerk's No. 27 at 7.)

Affiliated FM further argues the Court should not credit St. Paul's claim that it is a third-party beneficiary of the prime contract and the builders' risk insurance issued by Affiliated FM to VeraSun, because nothing in the prime contract and subcontract attached to St. Paul's Third–Party Complaint shows any intent for St. Paul, as the carrier of the workers' compensa-

tion insurance, to benefit from the builders' risk insurance.

As the Court determined above, the indication in the Certificate of Liability Insurance that St. Paul provided only workers' compensation insurance for WINBCO does not preempt Palmer & Cay's allegations in its Third–Party Complaint that the insurance policy St. Paul issued to WINBCO covered the company's cost of tank repairs in Aurora.

■ St. Paul has adequately pleaded that if it is found liable to Palmer & Cay, then Affiliated FM may be liable to St. Paul for all or part of Palmer & Cay's claim against St. Paul based on a right of contribution. *See National Sur. Corp. v. Ranger Ins. Co.*, 260 F.3d 881, 884 (8th Cir.2001) (applying Iowa law regarding insurers' rights to contribution from each other in case involving other-insurance clauses); *Westfield Ins. Co. v. Economy Fire & Cas. Co.*, 623 N.W.2d 871, 878 (Iowa 2001) (applying, in case where plaintiff insurance company sought contribution from defendant insurance company, Iowa's pro rata approach for situations where two insurance companies provide insurance on the same loss; "the question of their respective insurance obligations is determined by construction of the [policy] language used by the respective insurers") (insert added).

■ Concerning Affiliated FM's third-party-beneficiary argument, the court notes that for Iowa courts, "the primary consideration in deciding whether nonparties to an agreement are third-party beneficiaries thereof is whether the contract manifests an intent to benefit those parties." *Walters v. Kautzky*, 680 N.W.2d 1, 4 (Iowa 2004) (citing *Vogan v. Hayes Appraisal Assoc., Inc.*, 588 N.W.2d 420, 423 (Iowa 1999)). Iowa courts have adopted the following principles from the Restate-

ment (Second) of Contracts, which apply to third-party-beneficiary cases:

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

*Walters,* 680 N.W.2d at 4 (quoting Restatement (Second) of Contracts § 302(1) (1979)) (emphasis deleted). The Court has excluded and not reviewed the prime contract and subcontracts, because even if the contracts do not show an intent to benefit St. Paul, as Affiliated FM contends, the insurance policy that Affiliated FM issued to VeraSun may indicate such an intent, as St. Paul claims.

For these reasons, the Court denies Affiliated FM's Motion to Dismiss St. Paul's Third–Party Complaint.

### c. Insufficiently Pleaded in Complaint

Finally, Affiliated FM asserts St. Paul's Third–Party Complaint should be dismissed, because St. Paul failed to specifically plead that if it is found liable to Palmer & Cay, then Affiliated FM is liable to St. Paul, as Rule 14 requires.

As noted above, St. Paul requests the Court offer every party an opportunity to amend their third-party complaint, as needed to comply with Rule 14.

The Court denies the Rule 12(b)(6) Motion to Dismiss and grants St. Paul leave to file an amended complaint, because it does not appear beyond doubt that St. Paul can prove no set of facts in support of its claim that would entitle it to relief. *See First Nat'l Bank of Camden,* 851 F.2d at 214. Any Amended Complaint shall be filed by May 31, 2006.

### B. Affiliated FM's Motion to Dismiss Verasun's Cross–Claim (Clerk's No. 32)

VeraSun asserts in its Cross–Claim that if it is found liable to WINBCO, or to a Third–Party Plaintiff, then VeraSun is entitled to indemnity by Affiliated FM under the terms of the insurance policy that the insurer issued to VeraSun.

Affiliated FM seeks dismissal of the Cross–Claim under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Palmer & Cay's Third–Party Complaint and St. Paul's Third–Party Complaint failed to satisfy Rule 14. Affiliated FM submits the same arguments as discussed above in seeking dismissal of the Third–Party Complaints.

In resisting the Motion to Dismiss, VeraSun asserts the same reasons that St. Paul set forth in resisting Affiliated FM's Motion to Dismiss its Third–Party Complaint, and incorporates St. Paul's resistance in its entirety. VeraSun, however, specifically asserts that if it is found liable for WINBCO's losses in Aurora, it "is entitled to recover against Affiliated FM under its insurance contract." (Clerk's No. 36 at 4.) In reply, Affiliated FM adopts the Reply it filed in support of its Motion to Dismiss St. Paul's Third–Party Complaint.

For the reasons the Court discussed above in ruling on Affiliated FM's Motion to Dismiss the Third–Party Complaints, the Court denies the Motion to Dismiss the Cross–Claim.

### IV. Conclusion

For the reasons outlined above, the Court rules as follows:

 

1. The Court grants in part and denies in part Affiliated FM Insurance Company's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), (Clerk's No. 26). Specifically, the Court grants Affiliated FM's Motion to Dismiss St. Paul's declaratory judgment action, but denies the Motion (Clerk's No. 26) in all other respects, including all remaining claims asserted in Palmer & Cay's and St. Paul's Third–Party Complaints.

2. The Court denies Affiliated FM's Motion to Dismiss VeraSun Energy Corporation's Cross–Claim (Clerk's No. 32).

3. Amended Third–Party Complaints shall be filed by May 31, 2006.

4. The parties shall file a new Proposed Scheduling Order by June 12, 2006.

IT IS SO ORDERED.