# IN THE SUPREME COURT OF IOWA

No. 47 / 04-1584

Filed June 2, 2006

**RPC LIQUIDATION**,

    Appellee,

vs.

**IOWA DEPARTMENT OF TRANSPORTATION**,

    Appellant.

_____

On review from the Iowa Court of Appeals.


Appeal from the Iowa District Court for Des Moines County, John G. Linn, Judge.


The Iowa Department of Transportation appeals from judgment entered following a bench trial that concluded a material supplier had third-party beneficiary status under a construction contract and that the Iowa Department of Transportation breached the contract. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED WITH DIRECTIONS.**


Thomas J. Miller, Attorney General, Mark Hunacek, Assistant Attorney General, for appellant.


Robert W. Goodwin, Goodwin Law Office, P.C., Ames, for appellee.

**LAVORATO, Chief Justice.**

In this breach-of-contract action, we must decide whether several contracts conferred third-party beneficiary status on a material supplier. Following a bench trial, the district court held that they did. Because, as a matter of law, we conclude otherwise, we vacate the court of appeals decision, reverse the district court judgment, and remand the case with directions.

## I. Background Facts and Proceedings.

The Iowa Department of Transportation (IDOT) had a construction project on part of U.S. Highway 218 near Mount Pleasant, Iowa. As a result of that project, the IDOT entered into contracts for bridge construction with contractors for the work. At issue are contracts that identify Raider Precast Concrete, Inc., now known as RPC Liquidation, as a source of material. RPC was not a signatory to the contracts. RPC fabricated the beams that were used by the contractors in the bridge construction.

W.W. Transport hauled a load of concrete aggregate from Missouri to RPC's fabrication plant in West Burlington, Iowa. Before this trip, W.W. Transport had hauled soybeans from Iowa to Missouri. When the concrete aggregate arrived at RPC's plant, an RPC inspector discovered soybeans in the aggregate, apparently because of W.W. Transport's previous shipment of soybeans. The inspector recommended that the aggregate not be used for the fabrication of the beams, a recommendation that RPC approved. RPC terminated its contract with W.W. Transport to haul coarse aggregate to RPC's plant.

Several weeks later an IDOT inspector who was on RPC's premises discovered that eleven beams RPC had fabricated showed soybean contamination. Later the IDOT rejected ten of the eleven beams because of the contamination.

RPC and W.W. Transport sued the IDOT. Both plaintiffs alleged that they were third-party beneficiaries to the contracts between the IDOT and the contractors. RPC alleged that the IDOT's rejection of the ten beams was a violation of the contracts resulting in damages to RPC. W.W. Transport alleged that as a result of the IDOT's rejection of the beams, W.W. Transport lost its contract with RPC to haul coarse aggregate to RPC's plant resulting in damages to it. In its answer to the allegations of both plaintiffs, the IDOT alleged that the contracts specifically provided that there are no third-party beneficiaries and that neither party is a third-party beneficiary to the contracts referred to in the petition.

The IDOT moved for summary judgment, contending that neither party was a third-party beneficiary of the contracts in question. The district court denied the motion as to RPC but granted it as to W.W. Transport. W.W. Transport has not appealed and is not involved in these proceedings.

The case was tried to the court, following which, the court ruled that RPC was a third-party beneficiary to the contracts and that the IDOT had breached the contracts by rejecting the ten beams. The court awarded RPC damages in the amount of $103,589.

The IDOT appealed, and we transferred the case to the court of appeals, which summarily affirmed the district court ruling. We granted the IDOT's application for further review.

**II. Issues.**

The issues are whether RPC was a third-party beneficiary under the contracts between the IDOT and the contractors and if so, whether the IDOT's rejection of the beams containing soybeans was a breach of the contracts. Because we conclude RPC was not a third-party beneficiary, we do not address the damages issue.

### III.  Scope of Review.

This contract case was brought as a law action.  Our review is therefore for correction of errors at law.  *See Fausel v. JRJ Enters., Inc.*, 603 N.W.2d 612, 617 (Iowa 1999).  The third-party beneficiary question is a legal issue, one for the court.  Therefore we are not bound by the legal conclusions of the district court.  *Id.*

### IV.  Third-Party Beneficiary.

**A.  Applicable law.**  In *Midwest Dredging Co. v. McAninch Corp.*, we adopted Restatement (Second) of Contracts section 302 relating to third-party beneficiaries.  424 N.W.2d 216, 224 (Iowa 1988).  Section 302 provides:

> (1) *Unless otherwise agreed between promisor and promisee*, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
> (b) *the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.*
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302, at 439-40 (1981) (emphasis added).

The primary question in a third-party beneficiary case is "whether the contract manifests an intent to benefit a third party."  *Midwest Dredging*, 424 N.W.2d at 224.  Such intent, however, need not benefit a third party directly.  *Vogan v. Hayes Appraisal Assocs., Inc.*, 588 N.W.2d 420, 423 (Iowa 1999).  In applying section 302, we have noted that the promisee's intent generally controls.  *Midwest Dredging*, 424 N.W.2d at 224.  In determining such intent, we look to the language of the contract and to the circumstances surrounding it.  *Id.* at 225.

When two or more parties enter into a contract, they have separate purposes and may be stimulated by various motives. *Vogan*, 588 N.W.2d at 423. A person claiming to be a third-party beneficiary may not be acutely aware of those motives. *Id.* The general rule is that

> " '[a] third party who is not a promisee and who gave no consideration has an enforceable right by reason of a contract made by two others . . . if the promised performance will be of pecuniary benefit to [the third party] and the contract is so expressed as to give the promisor reason to know that such benefit is contemplated by the promisee as one of the motivating causes of his making the contract.' "

*Id.* at 423-24 (second alteration in original) (omission in original) (citations omitted).

When a contract expressly negates the creation of third-party beneficiaries, we have rejected the claim that such status exists. *See Walters v. Kautzky*, 680 N.W.2d 1, 4 (Iowa 2004). In *Walters*, prison inmates sued the Iowa State Penitentiary claiming to be third-party beneficiaries of an agreement between the Iowa Department of Corrections and the state public defender. *Id.* at 2. The agreement provided that the state public defender would provide limited legal assistance to prison inmates. *Id.* at 2-3. "The agreement expressly stated that '[t]here are no third party beneficiaries to this Agreement. This Agreement is intended only to benefit the [Department of Corrections] and the Public Defender.' " *Id.* (first alteration in original). The agreement provided that the state public defender could contract with private attorneys to provide those services. *Id.* The state public defender contracted with an attorney to advise inmates at the state penitentiary. *Id.* The attorney refused to provide services requested by the inmates because the agreement did not provide for performing such services. *Id.* at 3-4.

In rejecting the inmates' third-party beneficiary claim, we relied on the opening language in section 302 of the Restatement (Second) of Contracts: "Unless otherwise agreed between promisor and promisee." *Id.* at 4. In relying on this language we said:

> The agreement between [the Department of Corrections] and [the state public defender] expressly negates an intention to benefit the inmates of the institution where the legal services were to be provided. Because [the attorney's] contract served as the implementation of [the state public defender's] agreement with [the Department of Corrections], it must be viewed as similarly limited as to the persons to be benefited.

*Id.* at 4.

**B. Analysis.** The contracts between the IDOT and the contractors incorporated by reference certain standard specifications. One of these specifications, which is central to this appeal, provided in part:

> **1107.12 RESPONSIBILITY FOR DAMAGE CLAIMS.**
> Notwithstanding the above, *it is specifically agreed between the parties executing this contract that it is not intended by any of the provisions of any part of the contract documents to create in the public or any member thereof a third party beneficiary hereunder, or to authorize anyone not a party to this contract to maintain a suit for personal injuries or property damage pursuant to the terms or provisions of this contract.* The duties, obligations, and responsibilities of the parties to this contract with respect to third parties shall remain as imposed by law….
> It is understood that no subcontractor is a third party beneficiary to any contract between the Contracting Authority and the prime contractor. Nothing in any special provision or any supplemental specification shall be construed as eliminating or superseding the requirements of this section.

(Emphasis added.)

In finding that RPC was a third-party beneficiary, the district court first determined that the express disclaimer regarding third party beneficiary status in specification 1107.12 did not preclude RPC from asserting such status. The court then focused on section 302 of Restatement (Second) of Contracts to determine if RPC was an intended

beneficiary under that provision. The court concluded that RPC was indeed such an intended beneficiary.

As mentioned, section 302 of the Restatement (Second) of Contracts begins with the language "Unless otherwise agreed between promisor and promisee." Pursuant to such language we conclude, contrary to the district court, that the disclaimer in specification 1107.12 precluded RPC from being a third-party beneficiary. Because of our conclusion, we limit our discussion to the disclaimer. Resolving the disclaimer issue requires us to construe specification 1107.12.

In deciding contract issues, our cases have frequently used the terms "interpretation" and "construction" interchangeably despite their distinct purposes. *Connie's Constr. Co. v. Fireman's Fund Ins. Co.*, 227 N.W.2d 207, 210 (Iowa 1975). Interpretation concerns the meaning of words in a contract, an issue for the court unless the meaning depends on extrinsic evidence or on a choice among reasonable inferences from such evidence. *Id.* Construction, on the other hand, concerns the legal effect of a contract, an issue that as a matter of law the court decides. *Id.*

Our task is to construe—that is, determine the legal effect of— specification 1107.12 and determine whether it provides third-party beneficiary status to RPC. That question turns on the parties' intention. In determining the parties' intention we are bound by what the contract says except in cases of ambiguity. *State Public Defender v. Iowa Dist. Ct.*, 594 N.W.2d 34, 37 (Iowa 1999). And when the contract is not ambiguous, we will enforce it as written. *Id.*

The court construed the disclaimer on third-party beneficiary status in specification 1107.12 this way:

> Turning to the first sentence of [specification] 1107.12, it is clear that a contractor must indemnify the IDOT for any claim or lawsuit brought by a person against the IDOT for

injuries or damage sustained by a person because of the contractor's acts, omissions, neglect, or use of unacceptable materials. The second portion of the indemnification clause authorizes the IDOT to retain money from the contractor until any such claims or lawsuits are settled. The next sentence of the paragraph starts with the phrase "notwithstanding the above." This next sentence deals with third parties, but refers back to the preceding sentence. "Notwithstanding" means the same as "in spite of." This sentence must be construed as meaning: in spite of the fact that it is agreed a contractor will indemnify the IDOT, for any type of claim or lawsuit, no member of the public can assert the status of being a third-party beneficiary *if maintaining a suit for personal injuries or property damage.* The first two sentences of [specification] 1107.12 read together require a contractor to indemnify the IDOT for any claims or lawsuits brought and in spite of the fact that the IDOT has a right of indemnification against a contractor, this does not confer upon the public the status of third-party beneficiary for any lawsuit against the contractor or the IDOT *for personal injuries or property damage.* These two sentences, combined, do not foreclose [RPC] from bringing a third-party beneficiary contract claim. [RPC] is not bringing its lawsuit against any of the bridge contractors. The issue before the Court does not involve the IDOT pursuing indemnification from any of the bridge contractors. In addition, [RPC] is not alleging the IDOT caused personal injuries or property damage. [Specification] 1107.12 does not explicitly bar or prevent [RPC] from bringing this third-party beneficiary contract claim.

(Emphasis added).

Contrary to the district court's reasoning, which RPC relies on here to uphold the court's ruling, we agree with the IDOT that the above italicized language in specification 1107.12 unambiguously conveys two ideas. First, there are *no* third-party beneficiaries to the contracts. The phrase "public or any member thereof" is broad enough to express this idea. Second, none of the provisions of the contracts is intended to authorize a non-signatory to the contracts to maintain a suit for personal injuries or property damage pursuant to the terms or provisions of the contracts. The use of the word "or" clearly expresses the intent of the parties that they meant these two separate ideas.

In contrast, the district court's construction (the language only meant that "no member of the public can assert the status of being a third-party beneficiary if maintaining a suit for personal injuries or property damage") conveys only the second idea. The court's construction effectively renders the first idea (there are no third-party beneficiaries to the contract) meaningless and redundant. We therefore conclude that the first idea clearly expresses the intent of the parties to exclude anyone from having third-party beneficiary status. Such exclusion therefore necessarily includes RPC. *See Iowa Fuel & Minerals, Inc. v. Iowa State Bd. of Regents*, 471 N.W.2d 859, 863 (Iowa 1991) (holding that a contract is construed as a whole and that it is assumed in first instance that no part of it is superfluous; an interpretation that gives a reasonable, lawful, and effective meaning to all terms is preferred to an interpretation that leaves a part unreasonable, unlawful, or of no effect); *accord* Restatement (Second) of Contracts § 203(a), at 92-93; 17A Am. Jur. 2d *Contracts* § 377, at 364-66 (2004).

We likewise reject the district court's construction that the use of the word "notwithstanding" conveys the meaning that

> in spite of the fact that it is agreed a contractor will indemnify the IDOT, for any type of claim or lawsuit, no member of the public can assert the status of being a third-party beneficiary if maintaining a suit for personal injuries or property damage.

We do so for two reasons. First, we have already construed specification 1107.12 as prohibiting third-party beneficiaries to the contracts. The prohibition against third-party beneficiary status is therefore not limited, as the district court concluded, to members of the public bringing lawsuits against the contracting authority for personal injuries and property damage.

Second, we think the word "notwithstanding" is used to avoid any implication of a third-party beneficiary status from the indemnification

language in the first part of specification 1107.12. This intent to avoid such an implication is emphasized by the use of the following italicized language in the clause prohibiting third-party beneficiary status:

> Notwithstanding the above, it is specifically agreed between the parties executing this contract that it is not intended *by any of the provisions of any part of the contract documents* to create in the public or any member thereof a third party beneficiary hereunder, or to authorize anyone not a party to this contract to maintain a suit for personal injuries or property damage *pursuant to the terms or provisions of this contract.*

(Emphasis added.) Clearly the language "the provisions of any part of the contract" and "pursuant to the terms or provisions of this contract" was intended to refer back to the indemnification provision.

The district court noted that RPC did not bring its lawsuit against any of the bridge contractors and that the IDOT did not pursue indemnification from them. Like the IDOT, we think that if either scenario were the case, that fact proves nothing regarding whether anyone can be a third-party beneficiary to the contracts.

RPC also relies on this part of the district court reasoning to uphold the court's ruling:

> This conclusion [relating to the court's determination that specification "1107.12 does not explicitly bar or prevent [RPC] from bringing this third-party beneficiary contract claim"] is further supported by the next sentence of the paragraph which reads as follows: "The duties, obligations, and responsibilities of the parties to this contract with respect to third parties shall remain as imposed by law." The law in Iowa requires the Court to determine whether the contract as a whole manifests an intent to benefit a third party. The first two sentences of [specification 1107.12] do not negate third-party beneficiary claims in a contract action. The third sentence then requires the obligations of the contractor and the IDOT, with respect to third parties, to remain as imposed by law.

We likewise reject this reasoning because we have already determined, contrary to the district court's conclusion, that specification

1107.12 by express language bars the public or any member thereof, which includes RPC, from claiming third-party beneficiary status concerning the contracts. Additionally, the language "The duties, obligations, and responsibilities of the parties to this contract with respect to third parties shall remain as imposed by law" does not change this determination. As the IDOT points out, such language merely directs the parties to existing law to determine what, if any, obligations are owed to an intended beneficiary. Although such language appears somewhat redundant or superfluous, it in no sense establishes an intent to create third-party beneficiary status or to negate the third-party beneficiary disclaimer language in specification 1107.12. Later in this opinion, we point out that the use of redundant or superfluous language is not always outcome-determinative.

Finally, RPC relies on this part of the district court reasoning to uphold the court's ruling:

> The first sentence of the second paragraph of [specification] 1107.12 contains a clear pronouncement that no subcontractor is a third-party beneficiary to the contract. IDOT specification 1101.03 defines the term "subcontractor." The parties agree that [RPC] is not a subcontractor for the purpose of this lawsuit. [RPC] is a "source of material" for the bridge construction project. If the IDOT intended to eliminate a source of material as a third-party beneficiary, then the logical place to insert the term would be the sentence which excludes subcontractors from the third-party beneficiary status. Because a source of material is not specifically excluded from third-party beneficiary status, then the obligations of the IDOT and the contractor, with respect to third parties, should remain as imposed by law. Again, this goes back to construing the contract as a whole to determine if [RPC] is an intended beneficiary. In construing [specification] 1107.12, [RPC] is not explicitly barred or excluded as a third-party beneficiary in pursuing its contract claim against the IDOT.

In short, the court reasoned that because no subcontractor is a third-party beneficiary, any entity other than a subcontractor would be a third-

party beneficiary. As the IDOT asserts, this reasoning might be valid if the only contractual provision relating to third-party beneficiary status was the one that excluded subcontractors. *See Maytag Co. v. Alward*, 253 Iowa 455, 460, 112 N.W.2d 654, 656 (1962) (recognizing that the rule expressio unius est exclusio alterius applies in the construction of contracts); *Black's Law Dictionary* 620 (8th ed. 2004) (defining expressio unius est exclusio alterius as a "canon of construction holding that to express or include one thing implies the exclusion of the other, or of the alternative"). The court's reasoning ignores the third-party beneficiary disclaimer language in the preceding paragraph. *See Estate of Pearson ex rel. Latta v. Interstate Power & Light Co.*, 700 N.W.2d 333, 343 (Iowa 2005) ("We construe a contract in its entirety by considering all of its pertinent provisions."); *see also* 5 Margaret N. Kniffin, *Corbin on Contracts* § 24.28, at 317 (Joseph M. Perillo ed., rev. ed. 1998) ("If a clearer source of information concerning the parties' intentions is available, the court will decline to apply the maxim [expressio unius est exclusio alterius].").

The IDOT, however, concedes that reading the two provisions together—the third-party beneficiary disclaimer and the subcontractor language—does provide some "mild redundancy." The IDOT explains away this redundancy to our satisfaction. It notes that the paragraph on subcontractors goes on to say: "Nothing in any special provision or any supplemental specification shall be construed as eliminating or superseding the requirements of this section." The IDOT explains that this paragraph, taken as a whole, was clearly intended to respond to our decision in *Midwest Dredging.*

In *Midwest Dredging,* we took notice of several special provisions of the contract between the IDOT and the contractor that overrode the provisions of the contract and that required hydraulic dredging. 424

N.W.2d at 225. These special provisions led us to conclude that the dredging contractor, as a third-party beneficiary, could enforce an implied warranty by the IDOT that a pit designated by the IDOT could be hydraulically dredged in accordance with its plans and specifications. *Id.* Ultimately, it was discovered that the dredging was not feasible. *Id.* at 219. The IDOT asserts here that the subcontractor language in specification 1107.12 was meant—even at the risk of redundancy—to ensure this situation would never arise again.

Restatement (Second) of Contracts section 203, standards of preference in interpretation, provides in relevant part the following:

> In the interpretation of a promise or agreement or a term thereof, the following standards of preference are *generally* applicable:
> (a) an interpretation which gives a reasonable, lawful, and effective meaning to *all* the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect.

Restatement (Second) of Contracts § 203(a), at 92-93 (emphasis added); *accord Fashion Fabrics of Iowa, Inc. v. Retail Investors Corp.*, 266 N.W.2d 22, 26 (Iowa 1978). The key words in this provision are "generally" and "preferred," implying that some redundancy and superfluousness are to be considered harmless.

Comment (*b*) to this section notes that "[s]ince an agreement is interpreted as a whole, it is assumed in the first instance that no part of it is superfluous." Restatement (Second) of Contracts § 203 cmt. (*b*), at 93. The comment, however, also recognizes that "[e]ven agreements tailored to particular transactions sometimes include overlapping or redundant or meaningless provisions." *Id.*; *see also Hubbard v. Marsh*, 241 Iowa 163, 168, 40 N.W.2d 488, 491 (1950) (" '[I]t is presumed that no words were used

aimlessly and that no provision is superfluous unless plainly repetitious.' " (Citation omitted.)).

We think the district court's reasoning takes what is harmless redundancy and uses it to render what went before it meaningless. *See Am. Soil Processing, Inc. v. Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd.*, 586 N.W.2d 325, 334 (Iowa 1998) (holding that district court's construction of an agreement that rendered part of an agreement a nullity violated the rule against construing a contract so that part of it is unreasonable, unlawful, or of no effect). Moreover, as the IDOT makes clear, it makes no sense to deny third-party beneficiary status to a subcontractor but not to the materials supplier. The subcontractor is more deserving of protection because the subcontractor has closer ties to the contract than the materials supplier.

For all of these reasons we conclude as a matter of law that RPC is not a third-party beneficiary to the contracts.

### V. Disposition.

Because we find the district court erred as a matter of law in interpreting the contracts as conferring third-party beneficiary status to RPC, we vacate the court of appeals decision, reverse the district court judgment, and remand the case for an order dismissing RPC's petition.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED WITH DIRECTIONS.**