# IN THE COURT OF APPEALS OF IOWA

No. 14-0032
Filed March 11, 2015

**PAUL CRAIG JEFFRIES and GERALD JEFFRIES as Administrators/Executors of the Estate of FANCHON B. JEFFRIES,**
     Plaintiffs-Appellants,

**vs.**

**GENERAL CASUALTY INSURANCE COMPANIES, et al.,**
     Defendants-Appellees.
_____

     Appeal from the Iowa District Court for Jasper County, Darrell Goodhue, Judge.

     The plaintiffs appeal from the district court's grant of summary judgment to all defendants.  **AFFIRMED.**

     Erin Patrick Lyons and David J. Dutton of Dutton, Braun, Staack & Hellman, P.L.C., Waterloo, for appellants.

     Douglas A. Haag of Patterson Law Firm, L.L.P., Des Moines, for appellee General Casualty Insurance Company.

     Joseph M. Barron and John M. Wharton of Peddicord, Wharton, Spencer, Hook, Barron & Wegman, L.L.P., West Des Moines, for appellees Interstate Insurance Services, LTD.; Leonard Woythaler; David Lureman; and Josie Carter.

     Apryl Delange and Rebecca Reif of Hopkins & Huebner, P.C., Des Moines, for appellees Jasper Construction Services, Inc.; Donald Van Dusseldorf; and Steven Rhoads.

     Kimberly S. Bartosh of Whitfield & Eddy, P.L.C., Des Moines, for appellees Heritage Mutual Insurance Company n/k/a Acuity Mutual Insurance Company; and Heritage Insurance, Heritage Insurance Companies.

     Timothy N. Lilliwitz, Des Moines, for appellees Reed Construction Co., Inc., et al.

     Heard by Vaitheswaran, P.J., and Tabor and Mullins, JJ.  Goodhue, S.J., takes no part.

**VAITHESWARAN, P.J.**

The primary issue in this appeal is whether a contractor and subcontractor on a city construction project have a duty to indemnify a truck driver and the truck's owner for the truck driver's negligence.

## I.      *Background Facts and Proceedings*

Jasper Construction Services, Inc. contracted with the City of Centerville, Iowa, to resurface streets.  Jasper subcontracted with Reed Construction Co., Inc. to provide and lay the asphalt.  Reed, in turn, contacted Larry Dean Reinier to transport the asphalt.  Orval Kopp drove a truck owned by Reinier.  While behind the wheel, Kopp failed to yield and crashed into a car in which Fanchon B. Jeffries was a passenger.  Jeffries died.

The administrators of Jeffries' estate sued Kopp and Reinier.  The Jeffries reached a settlement, which included an assignment to the estate of Reinier's and Kopp's indemnification rights, if any.  The Jeffries then sued Jasper, Reed, their insurers, and the company retained to procure insurance for Jasper.  The district court granted summary judgment in favor of all the defendants.  The Jeffries appealed.

## II.      *Analysis*

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Iowa R. Civ. P. 1.981(3).  Indemnity questions are legal issues, appropriate for the court to decide as a matter of law. *Martin & Pitz Assocs., Inc. v. Hudson Constr. Servs., Inc.*, 602 N.W.2d 805, 808 (Iowa 1999).

The Jeffries contend defendants Jasper and Reed and their insurers General Casualty Insurance Companies and Heritage Mutual Insurance Company, "were required to indemnify Reinier and Kopp" for Kopp's negligence in failing to yield and, because Reinier and Kopp assigned their claims to the estate, their summary judgment motions should not have been granted.

"Under a contract for indemnification, 'one party (the indemnitor) promises to hold another party (the indemnitee) harmless for loss or damage of some kind.'" *McNally & Nimergood v. Neumann-Kiewit Constructors, Inc.*, 648 N.W.2d 564, 570 (Iowa 2002) (quoting II E. Allan Farnsworth, *Farnsworth on Contracts* § 6.3, at 108 (2d ed. 1998)). Indemnity agreements are generally held to the same standards of construction as other contracts. *Campbell v. Mid-Am. Constr. Co. of Iowa*, 567 N.W.2d 667, 669 (Iowa Ct. App. 1997). However, "we have crafted a special rule of construction for indemnification contracts when the contract is claimed to relieve the indemnitee from liability for its own negligence." *McNally*, 648 N.W.2d at 571. "This rule provides that indemnification contracts will not be construed to permit an indemnitee to recover for its own negligence unless the intention of the parties is clearly and unambiguously expressed." *Id.* "Thus, indemnification contracts claimed to contain these provisions are construed more strictly than other contracts." *Id.* Additionally, "'where an indemnification is not given by one in the insurance business but is given incident to a contract whose main purpose is not indemnification, the indemnity provision must be construed strictly in favor of the indemnitor.'" *Martin & Pitz, Inc.*, 602 N.W.2d at 809 (quoting 41 Am.Jur.2d *Indemnity* § 13, at 356 (1995)).

### A. Jasper-Centerville Contract

The Jeffries begin with section 2.20(d) of the contract between Jasper and the city, which states:

> The Contractor shall be fully responsible for all acts and omissions of his Subcontractors and of persons and organizations directly or indirectly employed by them and of persons and organizations for whose acts any of them may be liable to the same extent that he is responsible for the acts and omissions of persons directly employed by him. Nothing contained in this Contract shall create any contractual relation between any Subcontractor and the Owner.

They contend this provision holds Jasper responsible for the acts of Reinier and Kopp.

In isolation, section 2.20(d) could be read as the Jeffries request. But "'meaning can almost never be plain except in context.'" *Fausel v. JRJ Enters., Inc.*, 603 N.W.2d 612, 618 (Iowa 1999) (quoting Restatement (Second) of Contracts § 212 cmt. b (1981)). "A writing is interpreted as a whole, and all writings that are part of the same transaction are interpreted together." Restatement (Second) of Contracts § 202 (1981). This rule does "'not depend upon any determination that there is an ambiguity, but [is] used in determining what meanings are reasonably possible as well as in choosing among possible meanings.'" *Fausel*, 603 N.W.2d at 618 (quoting Restatement (Second) of Contracts § 202 cmt. a (1981)).

Section 2.20(d) falls under the heading "Superintendence and Workmanship," within the "General Conditions of Contract." In context, there is simply no question the cited language delineates Jasper's responsibilities to the City of Centerville. As the district court stated, the estate is "attempting to make

language obviously included to protect the City into an indemnification clause to protect a third party for their own fault."

The Jeffries nonetheless argue a separate indemnification clause running to the city, section 2.10(a) would render section 2.20(d) superfluous if section 2.20(d) is also read as an indemnification clause running to the city. *See Alta Vista Props., LLC v. Mauer Vision Ctr., PC*, 855 N.W.2d 722, 727 (Iowa 2014) ("'[A]n interpretation which gives a reasonable, lawful, and effective meaning to all terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect.'" (citation omitted)).

Section 2.20(d) is a clause outlining Jasper's responsibilities with respect to "superintendence and workmanship," whereas section 2.10(a) is a general indemnification clause holding the owner harmless "from any and all liability claims, losses or damage arising or alleged to arise from the performance of the work" except those arising from the "sole negligence of the Owner or the Engineer." *See Thomas v. Progressive Cas. Ins. Co.*, 749 N.W.2d 678, 685 (Iowa 2008) (notwithstanding rule to interpret policy so as not to render any provision superfluous, "'we will not do so when that [interpretation] is inconsistent with the structure and format of the [provision] and when that [interpretation] is otherwise unreasonable'" (citation omitted)). The provisions are not coextensive and, therefore, not redundant. Accordingly, we find this argument unpersuasive.

Other contract language cited by the Jeffries also does not alter our conclusion. For example, section 2.21(e), which states, "[t]he contractor shall be responsible for all accidents that occur through negligence of himself, his employees, or subcontractors," is preceded by a reference to maintaining

"sufficient warning signs, lights, and barricades on the work to mark all excavations and places dangerous to traffic and pedestrians." The entire section falls under the heading "Protection of Property." Again, there can be no question the section relates to the city's work site and Jasper's responsibilities on the work site.

We conclude the contract between Jasper and the City of Centerville does not express a clear and unambiguous intent to indemnify Reinier and Kopp for Kopp's negligence in striking the vehicle in which Jeffries was a passenger. *See McNally*, 648 N.W.2d at 571. Accordingly, the district court correctly granted Jasper's motion for summary judgment. Our conclusion necessarily resolves the Jeffries' claims against Jasper's insurers, the General Casualty Companies.

## B. Jasper-Reed Subcontract Agreement

The Jeffries next contend Reed "agreed to step into Jasper's shoes with respect to Reinier's and Kopp's liability to" them. They rely on section 15 of the Jasper-Reed subcontractor agreement, which states:

> A. To the fullest extent permitted by law, the Subcontractor shall indemnify, defend and hold harmless the Owner, Contractor, Engineer, Engineer's consultants, their agents and employees, from and against claims damages, losses, and expenses including but not limited to attorney's fees and expenses arising out of or resulting from performance of the Subcontractor's Work under this Subcontract provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease, or death or injury to destruction of tangible property (other than the Work itself) including loss of use resulting therefrom, but only to the extent caused in whole or in party by the negligent act or omission of the Subcontractor, the Subcontractor's subcontractors, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss, or expense is covered in part by a party indemnified hereunder. Such obligations shall not be construed to negate, abridge, or otherwise

reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this action.

In the Jeffries' view, this provision required Reed to "(1) assume[] 'all' of Jasper's 'obligations and responsibilities,' and (2) agree[] to indemnify Jasper for claims against it arising out of 'the negligent act or omission of [Reed], [Reed's] subcontractors, anyone directly or indirectly employed by them.'"

Like the district court, we believe the Jeffries' arguments as to Reed's responsibilities fail based on our conclusion concerning Jasper's obligations: if Jasper had no obligation to indemnify Reinier and Kopp, neither did Reed. But, even if this were not the case, the district court correctly concluded a separate provision in Reed's subcontractor agreement, section 12, "limits Reed's obligation[s under section 15A] . . . to those obligations and responsibilities that the contractor had assumed towards the owner."

The district court did not err in granting Reed summary judgment. Accordingly, the court also did not err in granting Reed's insurance carrier, Heritage, summary judgment.

### C.  Third-Party Beneficiary

The Jeffries alternatively contend Reinier and Kopp were third-party beneficiaries of the Jasper-Centerville contract and the Jasper-Reed contract. In deciding this issue, we focus on "whether the contract manifests an intent to benefit a third party." *Midwest Dredging v. McAninch Corp.*, 424 N.W.2d 216, 224 (Iowa 1988) (adopting the Restatement (Second) of Contracts § 302 (1981) relating to third-party beneficiaries).

The Jasper-Centerville contract unambiguously disclaims third-party beneficiary status. The contract incorporates a standard Iowa Department of Transportation (DOT) provision, section 1107.12, which states:

> [I]t is specifically agreed between the parties executing this contract that it is not intended by any of the provisions of any part of the contract documents to create in the public or any member thereof a third-party beneficiary hereunder, or to authorize anyone not a party to this contract to maintain a suit for personal injuries or property damage pursuant to the terms or provisions of this contract. The duties, obligations, and responsibilities of the parties to this contract with respect to third parties shall remain as imposed by law.

The provision further states:

> It is understood that no subcontractor is a third-party beneficiary to any contract between the Contracting Authority and the prime contractor. Nothing in any special provision or any supplemental specification shall be construed as eliminating or superseding the requirements of this section.

The contractual intent could not be clearer.

The Jeffries, however, point to another portion of the DOT specifications stating "Unless otherwise specified in the Special Provisions, the Department of Transportation Specifications shall not apply to General Conditions of Contract, definition of Pay Items, measurement of quantities, or payment." In their view, section 1107.12 is inapplicable to section 2.20(d) which, as noted, appears under the general conditions section of Jasper's contract with the city. This argument overlooks the "[u]nless otherwise specified" language. By its terms, section 1107.12 applies to "any of the provisions of any part of the contract documents." This language is dispositive. *See RPC Liquidation v. Iowa Dep't of Transp.*, 717 N.W.2d 317, 322 (Iowa 2006) (construing section 1107.12 to mean "there are *no*

third-party beneficiaries to the contracts"). The district court correctly refused to find Reinier and Kopp to be third-party beneficiaries of the contracts.

### D. Iowa Rule of Civil Procedure Claim

The Jeffries also seek to hold Jasper and Reed accountable under Iowa Rule of Civil Procedure 1.202. The rule states:

> When a bond or other instrument given to the state, county, school or other municipal corporation, or to any officer or person, is intended for the security of the public generally, or of particular individuals, action may be brought thereon, in the name of any person intended to be thus secured, who has sustained an injury in consequence of a breach thereof, except when otherwise provided.

Iowa R. Civ. P. 1.202. The district court rejected this argument, reasoning "[t]he bond is limited in its obligation to claims for performing any work or labor in furnishing materials. It assumes no obligation beyond that stated. . . . Plaintiff's claims do not fit under any of the classifications covered and included in the bond." We discern no error in this ruling.

### E. Interstate

The Jeffries' claim against Interstate Insurance Services is based on Jasper's request to have Interstate procure insurance for it. The Jeffries contend Interstate breached a general duty to "use reasonable care, diligence, and judgment in procuring the insurance requested by an insured." In their view, Interstate should have procured insurance covering Reinier and Kopp.

Before a plaintiff may prevail on a claim that an insurance agent was negligent in providing insurance to a third-party,

> a plaintiff [must] show that he or she was the "direct, intended, and specifically identifiable beneficiar[y]" of the policy as well as the other elements of negligence. Further, the plaintiff must produce evidence from the written instrument itself that indicates the plaintiff is the

> intended beneficiary of the policy. If the plaintiff cannot show that he or she is the intended beneficiary of the policy, then the insurance agent does not owe that plaintiff a duty of care

*Pitts v. Farm Bureau Life Ins. Co.*, 818 N.W.2d 91, 106 (Iowa 2012) (citations omitted). The Jeffries could not make this showing. As noted, the direct, intended, and specifically identifiable beneficiary of Jasper's insurance policies was the City of Centerville. Nowhere is there an indication Jasper also intended to cover unknown individuals who might, through their own negligence, injure other unknown individuals.

### III.    Disposition

We affirm the summary judgment rulings in favor of the defendants. Based on our manner of disposition, we find it unnecessary to address the Jeffries' argument that Reinier and Kopp were Jasper's and Reed's subcontractors. We also find it unnecessary to address their argument that Jasper and Reed assumed liability for their negligence under their contracts (assuming this is a different argument than the indemnification argument discussed in Part II, section A, above).

**AFFIRMED.**