# IN THE COURT OF APPEALS OF IOWA

No. 25-0441
Filed October 29, 2025

**ERIC LEFFLER, BRIAN LEFFLER and LEFFLER ACRES, INC.,**
　　Plaintiffs-Appellees,

**vs.**

**PARKS FINISHING C7, LLC and PARKS FINISHING C8, LLC,**
　　Defendants-Appellants.
_____

　　Appeal from the Iowa District Court for Monroe County, Michael Carpenter, Judge.

　　Parties to a manure easement contract appeal the district court's order declaring the contract terminable upon eighteen-months written notice by the opposing parties. **AFFIRMED.**

　　Megan E. Ball (argued) and Brant D. Kahler of Brown, Winick, Graves, Gross and Baskerville, P.L.C., Des Moines, for appellant.

　　Eldon McAfee (argued), Julie Vyskocil, and Keegan Cassady of Brick Gentry, PC, West Des Moines, for appellee.

　　Heard at oral argument by Greer, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

Parks Finishing C7, LLC and Parks Finishing C8, LLC (collectively "Parks Finishing") entered two manure easement agreements with Eric Leffler, Brian Leffler, and Leffler Acres, Inc. (collectively "the Lefflers"). Each easement agreement contains this "Term and Termination" clause:

> This Agreement shall continue in full force and effect for an initial term of twenty (20) years from the date hereof and shall continue thereafter for so long as the Hog Farm remains in operation, *or until either party gives the other party at least eighteen (18) months prior written notice of termination*. This Agreement may not be otherwise terminated except by written agreement, signed by the parties hereto, or their successors, assigns or personal representatives, as applicable.[1]

(emphasis added.) About ten years into the agreements, relying on the language emphasized above, the Lefflers gave eighteen-months notice that they intended to terminate the agreements. When Parks Finishing claimed the Lefflers could not terminate without its consent because the emphasized language did not apply during the initial twenty-year period of the agreements, the Lefflers brought this declaratory judgment action. Ruling on cross motions for summary judgment, the district court determined that the emphasized language applied during the initial twenty years of the term of the agreements, so the Lefflers were permitted to terminate the agreements by giving eighteen-months notice. Parks Finishing appeals, contending the district court erred in its interpretation of the agreements.

When a district court's contract interpretation does not depend on extrinsic evidence, we review its ruling to correct legal errors. *Colwell v. MCNA Ins.*, 960

---

[1] The quoted clause contains boldfaced terms in the actual contracts, signifying terms defined in the agreement. We have removed the bold type to avoid confusion, because those terms are not at issue in this appeal.

N.W.2d 675, 676–77 (Iowa 2021). The cardinal rule of contract interpretation is to determine the parties' intent at the time of contracting. *Homeland Energy Sols., LLC v. Retterath*, 938 N.W.2d 664, 687 (Iowa 2020). The language used in the contract is the most important evidence of the parties' intent. *Id.* Therefore, we assume no part of the language is superfluous and will give preference to "an interpretation that gives a reasonable, lawful, and effective meaning to all terms" over one that "leaves a part unreasonable, unlawful, or of no effect." *RPC Liquidation v. Iowa Dep't of Transp.*, 717 N.W.2d 317, 322 (Iowa 2006) (summarizing the holding of *Iowa Fuel & Mins., Inc., v. Iowa State Bd. of Regents*, 471 N.W.2d 859, 863 (Iowa 1991)).

There is no dispute over the facts. The dispute on appeal is how to interpret the emphasized passage of the termination clause of the agreements. The district court interpreted the emphasized passage to allow either party to terminate the agreements during and after the initial twenty-year period by giving eighteen-months written notice. In reaching its conclusion the court relied on the principles stated above and the last preceding antecedent rule. Iowa precedent elaborates on this rule:

> Under the doctrine of last preceding antecedent, qualifying words and phrases refer only to the immediately preceding antecedent, unless a contrary legislative intent appears. Evidence of a contrary legislative intent can arise when a comma separates the qualifying phrase from the antecedent. In this circumstance, the qualifying phrase generally applies to all antecedents.

*Mitchell v. City of Cedar Rapids*, 926 N.W.2d 222, 231 (Iowa 2019) (citation omitted); *see Oberbillig v. W. Grand Towers Condo. Ass'n*, 807 N.W.2d 143, 151 (Iowa 2011) (applying the doctrine of the last preceding antecedent to contract

interpretation). In applying this rule here, the district court determined that the comma before the clause "or until either party gives the other party at least eighteen (18) months prior written notice of termination" indicated the parties' intent to make this clause applicable to all preceding antecedents. In other words, the clause applied during the initial twenty-year term and the continuing term thereafter.

## I.    Issues on Appeal

On appeal, Parks Finishing contends the eighteen-month-termination option only applies during the continuing term, not the initial twenty-year term. Parks Finishing makes three arguments in support of its contention:

(1)    The court should not have applied the last preceding antecedent rule because the language was unambiguous;

(2)    If the doctrine does apply, the court incorrectly applied it; and

(3)    The court's interpretation renders the twenty-year term superfluous in contravention of well-established contract interpretation principles. *See RPC Liquidation*, 717 N.W.2d at 322. Therefore, our preference in favor of an interpretation that gives "reasonable, lawful, and effective meaning to all terms" of the contract should outweigh the court's interpretation. *See id.*

We address each argument in turn.

### 1.    Whether the Last Preceding Antecedent Rule Can Apply

Parks Finishing contends that the parties agree that the termination clause of the agreements is unambiguous, so it was improper for the district court to apply the last preceding antecedent rule. We disagree with Parks Finishing's notion that applicability of the rule absolutely hinges on whether contract language being

interpreted is ambiguous. As a start, the rule is not absolute, and the rule can be applied to make sense of the text as a matter of grammar. *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003). Further, our supreme court has applied the rule even when the text being interpreted is unambiguous. *See Cairns v. Grinnell Mut. Reins.*, 398 N.W.2d 821, 824–25 (Iowa 1987). In *Cairns*, the court concluded that applying the rule to unambiguous contract language "produce[d] a contextually sound interpretation which is also consistent with the very nature of [the insurance contract being interpreted]." *Id.* at 825. We conclude that applying the rule here serves the same laudable goal of producing a contextually sound interpretation of the termination clause, so we reject Parks Finishing's contention that the district court erred by applying the rule.

### 2. Application of the Last Preceding Antecedent Rule

As noted, Parks Finishing also argues that, even if the last preceding antecedent rule applies, the district court applied it incorrectly. The last preceding antecedent here is the continuing term after the twenty-year initial term—that is the language "shall continue thereafter for so long as the Hog Farm remains in operation." Parks Finishing argues that the last preceding antecedent rule results in the eighteen-month termination language only applying to the continuing term. But this argument ignores the exception to the last preceding antecedent rule. The exception is that when a comma separates the qualifying phrase from the antecedents the qualifying phrase applies to all antecedents. *Mitchell*, 926 N.W.2d at 231. Here, a comma separates the eighteen-month termination option from both the initial-term and the continuing-term antecedents. As such, we agree with the

district court that the eighteen-month termination option was intended to apply to both the initial twenty-year term and the continuing term thereafter. *See id.*

### 3.      Superfluous Language

Finally, Parks Finishing argues the district court's interpretation renders the twenty-year term superfluous because if either party can terminate by giving eighteen-months notice during and after the initial term, there is no functional distinction between the initial twenty-year term and the continuing term. *See U.S. Bank, Nat'l Ass'n v. Bittner*, 986 N.W.2d 840, 848 (Iowa 2023) (confirming the principle that courts prefer an interpretation of a contract that avoids making any part of the contract superfluous). But Parks Finishing's argument and its proposed interpretation ignore other parts of the termination clause that give effect to the twenty-year term.

Again, the last precedent antecedent rule sheds light on the issue. Under that rule, the language "for so long as the Hog Farm remains in operation" is not separated by a comma from the last preceding antecedent—that is, the continuing term language. Thus, the "for so long as the Hog Farm remains in operation" language only applies during the continuing term. So, if the hog farm ceased operating during the initial twenty-year term, that cessation would not terminate the agreements; mutual agreement or eighteen-months notice are the only ways the agreements would terminate contractually during the initial twenty-year period. But if the hog farm ceased operating after the initial twenty-year period, that cessation would immediately terminate the agreements. Interpreted this way, the automatic-termination option linked to the hog farm's cessation of operation gives effect to both the initial twenty-year term and the continuing term. As a result, the fact that

either term may be terminated by eighteen-months notice does not render the initial twenty-year term superfluous.

## II.    Conclusion

We find no error in the district court's conclusion that the agreements permitted the Lefflers to terminate the manure easement agreements by giving eighteen-months notice during the initial twenty-year term of the agreements.  As a result, we affirm the district court's ruling.

**AFFIRMED.**